UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSE HERNANDEZ | CIVIL ACTION |
| VERSUS | NO. 19-14685 |
| HUNTINGTON INGALLS, INC., ET AL. | SECTION "A" (1) |

**ORDER AND REASONS**

Before the Court is a **Motion to Remand (Rec. Doc. 58)** filed by the Plaintiff Jesse Hernandez. The Defendants (collectively, the "Avondale Interests") oppose the motion. (Rec. Doc. 117). The motion, set for submission on April 1, 2020, is before the Court on the briefs without oral argument.

**I.  Background**

On February 22, 2019, Hernandez was diagnosed with mesothelioma. (Rec. Doc. 58-1, p. 2, The Plaintiff's Memorandum in Support). At his deposition on April 17, 2019, Hernandez specifically testified about his work at Avondale where he worked aboard numerous vessels and in the main yard as a painter's helper and assistant clerk during the summers of 1968, 1969, and 1970. (Rec. Doc. 117, p. 11, Avondale Interests' Opposition). He testified that, in these positions, he worked on Destroyer Escorts which were being constructed at Avondale for the United States Navy. *Id*. Hernandez believes that he was exposed to asbestos dust while he was working aboard these vessels. *Id*.

Accordingly, on November 6, 2019, Hernandez filed suit in the Civil District Court for the Parish of Orleans. (Rec. Doc. 1-2, The Plaintiff's State Court Petition). On December 19, 2019, the Avondale Interests filed a Notice of Removal, and Hernandez filed a Motion to Remand on January 17, 2020. (Rec. Doc. 58). After Hernandez filed his Motion to Remand,

the Court determined that his motion should be held in abeyance pending the Fifth Circuit's *en banc* opinion in *Latiolais v. Huntington Ingalls, Inc*. (Rec. Doc. 138). Further, the Court allowed the parties to file supplemental briefing once the Fifth Circuit issued its opinion. *Id*. Although the Avondale Interests filed supplemental briefing, Hernandez did not. The Court will now rule on Hernandez's Motion to Remand.

**II.     Discussion**

The Avondale Interests removed this case pursuant to the federal officer removal statute, which permits "any person acting under [an officer] of the United States or of any agency thereof" to remove a state suit to federal court if any of the plaintiff's claims are "for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). To qualify for removal under § 1442(a)(1), a defendant must show: "(1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) [it] acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions." *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (en banc).

Here, the Avondale Interests' government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988) is colorable because, as in *Latiolais*, it is not "wholly insubstantial and frivolous." First, the Avondale Interests have presented testimony showing that the federal government approved reasonably precise specifications for the construction of ships on which Hernandez worked, that they complied with those specifications, and that the government knew more than them about the asbestos-related hazards and appropriate safety measures. (Rec. Doc. 117-5, Affidavit of Christopher Herfel); (Rec. Doc. 117-7, Affidavit of Danny Joyce); *Latiolais*, 951 F.3d at 297-98 (citation omitted). Second, it is

undisputed that the Avondale Interests qualify as "persons" under the federal officer removal statute. Third, the Avondale Interests' contracts with the federal government to build Navy ships satisfies the "acting under" requirement. *See Latiolais*, 951 F.3d at 291. Finally, the Avondale Interests' alleged "negligence is connected with the installation of asbestos during the [construction and] refurbishment of" ships for the Navy. *Id*. at 296. Indeed, just like the plaintiff in *Latiolais*, Hernandez here worked as a painter's helper and assistant clerk on numerous Destroy Escorts for the United States Navy. Therefore, the Avondale Interests have established the requirements for federal officer removal under *Latiolais*.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 58)** filed by the Plaintiff Jesse Hernandez is **DENIED**.

April 13, 2020

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE