UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSE HERNANDEZ                                                   CIVIL ACTION

VERSUS                                                            NO. 19-14685

HUNTINGTON INGALLS, INC., ET AL.                                  SECTION "A" (1)

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 161)** pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) filed by the Defendant Honeywell International, Inc. ("Honeywell"). The Plaintiff Jesse Hernandez opposes the motion, (Rec. Doc. 183), and Honeywell replied. (Rec. Doc. 190). The motion, set for submission on April 15, 2020, is before the Court on the briefs without oral argument.

**I.    Background**

On February 22, 2019, Hernandez was diagnosed with mesothelioma. (Rec. Doc. 58-1, p. 2, The Plaintiff's Memorandum in Support). Accordingly, on November 6, 2019, Hernandez filed suit in the Civil District Court for the Parish of Orleans. (Rec. Doc. 1-2, The Plaintiff's State Court Petition). This Complaint was then removed to the Eastern District of Louisiana on December 19, 2019. Honeywell is a Defendant in this suit, and it is the successor-in-title to Allied Chemical Corporation ("Allied").

In his Complaint, Hernandez claims that he was exposed to asbestos while working in the Avondale Shipyard from 1967 to 1969. (Rec. Doc. 1-2, p. 8, State Court Petition). However, and more pertinent to this Motion to Dismiss, Hernandez also claims that he was exposed to asbestos from 1957 to 1966 while he worked at a family grocery store and deli in Marrero, Louisiana. (Rec. Doc. 1-2, p. 8, State Court Petition). More specifically, Hernandez

claims that "plant workers would come in with asbestos on their clothes and [Hernandez] would have to clean the surfaces they frequented and ate lunch at." *Id*. Some of these plant workers worked at a nearby Allied Chemical plant. *Id*. Hernandez also further claims that he "lived in the family home directly across the street from an Allied Chemical plant from approximately 1949 through 1971[.]" *Id*.

In response to Hernandez's Complaint, the Defendant Honeywell filed this Motion to Dismiss pursuant to FRCP 12(b)(6). The Court will now address the merits of this motion.

**II.    Legal Standard**

FRCP 12(b)(6) permits a court to dismiss a complaint when a plaintiff has failed to state a claim for which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not mere legal conclusions portrayed as facts. *Id*. at 667 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (quoting *Twombly*, 550 U.S. at 555). Additionally, the factual allegations of a complaint must state a plausible claim for relief. *Id*. A complaint states a "plausible claim for relief" when the factual allegations contained therein, taken as true, necessarily demonstrate actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id*.; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir.1986). Lastly, the Court "will not look beyond the face of the pleadings to determine whether relief should

be granted based on the alleged facts[.]" *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

## III.  Discussion

Because Hernandez's claim against Honeywell involves a claim for negligence under Louisiana Civil Code article 2315, the Court will employ a duty-risk analysis.[1] This analysis requires that a plaintiff prove five elements in order to recover under a theory of negligence:

> (1) that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) actual damages (the damages element).[2]

Frist, "[w]hether a duty is owed is a question of law." *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 816 So.2d 270, 276 (La. 2002). The Court must consider if "the plaintiff has any law (statutory, jurisprudential, or arising from the general principles of fault) to support that the defendant owed him a duty." *Lemann v. Essen Lane Daiquiris, Inc.*, 923 So.2d 627, 633 (La. 2006). The Louisiana Civil Code provides that "[e]very act whatever of man that causes damage to another obliges him by those whose fault it happened to repair it." La. C.C. art. 2315. "Generally, a duty is defined as the obligation to conform to the standard of conduct associated with a reasonable man in like circumstances." *Fox v. Bd. of Supervisors of Louisiana State University and Agric. and Mech. Coll.*, 576 So.2d 978, 981 (La. 1991).

---

[1] The Court notes that, "Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under [article] 2315." *Wiltz v. Bayer CropScience, Ltd. P'Ship*, 645 F.3d 690, 698 (5th Cir. 2011) (citing *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 816 So.2d 270, 275 (La. 2002)).

[2] *Jones v. Buck Kreihs Marine Repair, L.L.C.*, 122 So.3d 1181, 1186 (La. Ct. App. 2013) (citing *Long v. State ex rel. Dept. of Transp. & Dev.*, 916 So.2d 87, 101 (La. 2005) (additional citations omitted)).

"There is an almost universal duty on the part of the defendant in negligence cases to use reasonable care so as to avoid injury to another." *Boykin v. Louisiana Transit Co.*, 707 So. 2d 1225, 1231 (La. 1998).

In this case, Hernandez claims that he was exposed to asbestos when Honeywell plant workers "would come in with asbestos on their clothes and [Hernandez] would have to clean the surfaces they frequented and ate lunch at." (Rec. Doc. 1-2, p. 8, State Court Petition). However, Honeywell asserts that it did not have a duty to protect third parties, like Hernandez, from asbestos dust that may have been on its employees' clothing. Further, Honeywell alleges that this case is distinguishable from a Louisiana Fourth Circuit Court of Appeal case that held that a premises owner owed a duty to third parties who contracted an asbestos related disease from household exposure to asbestos. *Zimko v. Am. Cyanamid*, 905 So.2d 465, 483 (La. App. 4th Cir. 2005). In *Zimko*, the court specifically stated that an employer has a "general duty to act reasonably in view of the foreseeable risks of danger to household members of its employees resulting from exposure to asbestos fibers carried home on its employee's clothing, person, or personal effects." *Id*.

However, Honeywell attempted to distinguish *Zimko* by saying "[i]n this case, we have a plaintiff who is not a household member of a particular employee but, rather, a convenience store worker who periodically came into contact with various unidentified plant workers from different facilities during their lunch break." (Rec. Doc. 161-1, p. 11, Honeywell's Memorandum in Support). Honeywell further claimed that, "[u]nlike the relationship of a spouse who routinely and expectedly launders the asbestos-laden clothes of her employee husband, this relationship and alleged exposure between a store clerk and unidentified plant workers (even if accepted as true) is too incidental, sporadic, or transitory to impose a duty

Case 2:19-cv-14685-JCZ-JVM   Document 221   Filed 05/08/20   Page 5 of 6

of care on [Honeywell]." *Id*. Thus, Honeywell tries to depict *Zimko* as concluding that "the group of potential plaintiffs is limited and definable [to only] the employee's household members who were exposed at home to asbestos fibers brought home on the employee's work clothes." *Id*.

Here, the Court is unconvinced by Honeywell's arguments and finds that it is plausible that Honeywell owed a duty to Hernandez. The Court notes that a "resolution of a negligence case based on a finding that a defendant has 'no duty' should be reserved for the exceptional situation in which there is 'a rule of law of enough breadth and clarity to permit the trial judge in most cases raising the problem to dismiss the complaint or award summary judgment for defendant on the basis of the rule.'" *Zimko*, 905 So. 2d at 483 (internal citations omitted). The Court has found no Louisiana precedent to indicate that this case should be one of those "exceptional situations" where no duty should be found. Further, although Honeywell attempts to portray the Fourth Circuit Court of Appeal as holding that "the group of potential plaintiffs is limited and definable [to only] the employee's household members[,]" the Court finds this to be an erroneous conclusion. Instead, that principle came from *In re New York City Asbestos Litigation*, 14 A.D.3d 112, 786 N.Y.S.2d 26 (2004), which the *Zimko* court never explicitly adopted as its own.

In sum, Hernandez has established that the damage was foreseeable and that the danger from the asbestos dust on the Honeywell employees' clothing was probable. "Although the law does not set out to protect every potential plaintiff from every risk, the plaintiff's burden on a motion to dismiss is minimal and the plaintiff need only prove a plausible set of facts that support their claim(s) and that justify relief." *Cleco Corp. v. Johnson*, 795 So.2d 302, 305 (La. 2001); *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing

Page 5 of 6

*Twombly*, 550 U.S. at 555)). Thus, Hernandez has established enough facts to support a claim for negligence.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 161)** filed by the Defendant Honeywell is **DENIED**.

May 8, 2020

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE