UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JESSE HERNANDEZ | * | CIVIL ACTION NO. 19-14685 |
| | * | |
| VERSUS | * | SECTION: "A"(1) |
| | * | |
| HUNTINGTON INGALLS INCORPORATED, ET AL. | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion for More Definite Statement filed by Honeywell International Inc., as alleged successor-in-interest to Allied Chemical Corporation ("Allied"). (Rec. Doc. 162). This motion was filed "in the alternative if plaintiff's claims [were] not dismissed" pursuant to Allied's Rule 12(b)(6) Motion to Dismiss. That Motion to Dismiss was denied by the District Court on May 8, 2020. For the following reasons, Allied's Motion for More Definite Statement is also DENIED.

Background

Plaintiff Jesse Hernandez was diagnosed with malignant mesothelioma in February 2019. On November 6, 2019, he filed suit in state court against a number of asbestos manufacturers, asbestos suppliers, and former employers, among others, alleging their negligence in causing his mesothelioma. The matter was removed on December 19, 2019. Presently at issue are Hernandez's allegations as to Allied, which Hernandez describes as an "Asbestos Premises Defendant." In paragraphs 41 and 42 of his Petition, Hernandez alleges that he worked at the family grocery store and delicatessen from 1957 through 1966 and that during that time he was exposed to asbestos because "plant workers would come in with asbestos dust on their clothes and he would have to clean the surfaces they frequented and ate lunch at." He alleges the plant workers were

1

occupationally exposed to high concentrations of asbestos on a regular basis. He also alleges that he lived in the family home directly across the street from an Allied plant from 1949 through 1971. He also alleges generally that Asbestos Premises Defendants "committed these negligent acts knowing full well that its employees . . . would be contaminated and injuries would follow or were substantially certain to follow."

On March 4, 2020, Allied filed a Motion to Dismiss, arguing that Hernandez had failed to state a claim against it. On the same day, Allied filed, in the alternative, the present Motion for More Definite Statement. In denying Allied's Motion to Dismiss, the District Court found it "plausible that [Allied] owed a duty to Hernandez." (Rec. Doc. 221, at 5). The District Court explained that Hernandez's allegations "establish that the damage was foreseeable and that the danger from the asbestos dust on the [Allied] employees' clothing was probable." Id. The District Court concluded that "Hernandez has established enough facts to support a claim for negligence." Id. at 6.

## Law and Analysis

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. Proc. 12(e). The standard for evaluating a motion for more definite statement is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc., 235 F.R.D. 632, 633 (E.D. La. 2006) (quoting Advanced Commc'ns Techs., Inc. v. Li, No. 05 CIV. 4628 (RWS), 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005)).

Given the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored. Reedom v. Jones, No. CIV.A. 10-375, 2010 WL 4875636, at *1 (E.D. La. Nov. 22, 2010). The Fifth Circuit has explained that "it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959). The tools of discovery, and not a motion for more definite statement, are the appropriate vehicle to develop the facts of the case. Id.

In its motion, Allied argues that the Petition is "devoid of any specific claim that Allied was negligent or at fault in causing him to be exposed to asbestos." Allied argues that even if one assumes that it was Allied workers who entered Hernandez's family store and exposed him to asbestos from his clothes, these allegations cannot establish that Allied owed a duty to Hernandez. It requests that if Hernandez's claims are not dismissed that he be required to plead a more definite statement so that Allied can adequately respond to his Petition.

The District Court has already concluded that the facts alleged by Hernandez are sufficient to state a claim for relief. In doing so, the District Court construed Hernandez's Petition as alleging that Allied plant workers would come into the store where Hernandez worked with asbestos on their clothes. The Court explicitly rejected Allied's argument that these allegations were insufficient to establish that Allied owed a duty to Hernandez. The Petition is not "so excessively vague" as to be "unintelligible." Allied has failed to explain with any detail how it would be prejudiced in responding to the Petition. The additional facts it seeks can be sought out in discovery. Allied is not entitled to a more definite statement under Rule 12(e).

<u>Conclusion</u>

For the foregoing reasons, it is ordered that Allied's Motion for More Definite Statement (Rec. Doc. 162) is DENIED.

New Orleans, Louisiana, this <u>18th</u> day of May, 2020.

                                                                            Janis van Meerveld
                                        United States Magistrate Judge