UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSE HERNANDEZ | CIVIL ACTION |
| VERSUS | NO. 19-14685 |
| HUNTINGTON INGALLS, INC., *et al.* | SECTION M (4) |

### ORDER & REASONS

Before the Court is a motion to remand filed by plaintiffs Mary Jane Hernandez and Amie Akers (together, "Plaintiffs").[1] Defendant St. Joseph the Worker Roman Catholic Church ("St. Joseph") responds in opposition,[2] and Plaintiffs reply in further support of their motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court grants Plaintiffs' motion and remands this matter to the Civil District Court, Parish of Orleans, State of Louisiana ("CDC").

### I.   BACKGROUND

This matter concerns a wrongful death claim due to asbestos exposure. On November 6, 2019, Hernandez (now deceased) filed suit in CDC alleging personal injury claims against numerous defendants arising out of his exposure to asbestos, which caused him to develop mesothelioma.[4] On December 19, 2019, defendant Huntington Ingalls Inc. ("Huntington Ingalls")

---

[1] R. Doc. 520.  Plaintiffs are the wife and daughter of the original plaintiff, Jesse Hernandez, and were substituted as plaintiffs after Hernandez died.  R. Doc. 512.
[2] R. Doc. 527.  St. Joseph also filed a motion to dismiss (R. Doc. 521) which the Court will not address because the matter is being remanded.
[3] R. Doc. 532.
[4] R. Doc. 1-2 at 7-8.

removed the case, asserting federal-officer removal subject-matter jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).[5]

The case was randomly allotted to Judge Wendy B. Vitter.[6] Upon her recusal, the case was randomly reallotted to Judge Jay C. Zainey.[7] From 2019 to 2021, the parties engaged in pleading and motion practice and conducted discovery. Then, on March 11, 2021, Judge Zainey granted Hernandez's motion to continue the trial set for May 10, 2021, explaining that the parties' recent discussions could moot some of the 27 dispositive motions then pending.[8] Three months later, Judge Zainey granted Huntington Ingalls's motion to enforce the statutory six-month stay resulting from the insolvency of one of the insurers, thereby staying and administratively closing this matter until September 12, 2021.[9] In the order, Judge Zainey noted that "[c]ounsel must formally move to reopen the case after [September 12, 2021]."[10]

On April 17, 2023, Judge Zainey granted Huntington Ingalls's motion to lift the stay and reopen the case.[11] On June 29, 2023, Plaintiffs filed a supplemental and amended complaint for damages alleging that Hernandez died on November 15, 2021, and adding St. Joseph as a defendant.[12] They allege that Hernandez was exposed to asbestos while attending school at St. Joseph.[13]

On July 17, 2023, Judge Zainey dismissed with prejudice all claims against Huntington Ingalls and certain other defendants with related interests.[14] Then, on August 22, 2023, Plaintiffs

---

[5] R. Doc. 1. Huntington Ingalls has been known by many names over the years, including Northrop Grumman Shipbuilding, Inc., Northrop Grumman Ship Systems, Inc., Avondale Industries, Inc., and Avondale Shipyards, Inc.
[6] R. Doc. 2.
[7] R. Doc. 4.
[8] R. Doc. 456 at 1.
[9] R. Doc. 480.
[10] *Id.*
[11] R. Docs. 502; 503.
[12] R. Doc. 512 at 1-2.
[13] *Id*. at 2.
[14] R. Doc. 515.

2

filed the instant motion to remand.[15] Thereafter, Judge Zainey recused himself and the case was randomly reassigned to this section of court.[16]

## II.    PENDING MOTION

Plaintiffs argue that this matter should be remanded because the Court dismissed all claims against Huntington Ingalls, and thus, subject-matter jurisdiction is no longer supported by the presence of a purported federal officer as a defendant.[17] In opposition, St. Joseph argues that this Court should deny Plaintiffs' motion and exercise supplemental jurisdiction over the remaining state-law claims, as have other courts in this jurisdiction in cases with similar facts.[18] In reply, Plaintiffs reemphasize that only state-law claims remain in this case.[19] Plaintiffs further argue that the cases cited by St. Joseph are factually distinguishable because those cases had concluded discovery, had completed extensive motion practice, had imminent trial dates, or had a single presiding judge for the entirety of the suit.[20]

## III.    LAW & ANALYSIS

The remaining claims in this matter are state-law tort claims involving nondiverse parties. Section 1367 empowers a federal district court in a civil action to exercise supplemental jurisdiction over state-law claims that are so related to an accompanying federal claim within the court's original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). In determining whether to decline to exercise supplemental jurisdiction over such state-law claims, a court should consider the four statutory factors set out in § 1367(c) – namely, (1) whether the state-law claims raise a novel or complex issue of state law, (2) whether the state-law

---

[15] R. Doc. 520.
[16] R. Doc. 524.
[17] R. Doc. 520-1 at 2.
[18] R. Doc. 527 at 2.
[19] R. Doc. 532 at 1-2.
[20] *Id*. at 4-6.

claims substantially predominate over the claims affording original jurisdiction, (3) whether the court has dismissed all claims over which it has original jurisdiction, or (4) whether, in exceptional circumstances, there are other compelling reasons for declining jurisdiction – and the common-law factors of judicial economy, convenience, fairness, and comity, with no single factor being dispositive.  *Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  As a general rule, a court should dismiss state-law claims when the federal claims to which they are pendent have been dismissed.  *Id*. at 161 (citing, inter alia, *Carnegie-Mellon*, 484 U.S. at 351, and *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992)).  "[B]ut this rule is neither mandatory nor absolute; no single factor is dispositive, and [the Fifth Circuit] review[s] the district court's decision in light of the specific circumstances of the case at bar."  *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

Here, two of the four statutory factors apply because all of the claims that supported removal have been dismissed and the surviving claims arise under state law.  28 U.S.C. § 1367(c)(2)-(3).  In terms of judicial economy, although this case has been pending in federal court for four years, it was stayed for a substantial part of this period – from September 12, 2021, to April 17, 2023.  Also, the case has been before three different judges, arriving in this section of court just months ago, after St. Joseph was added as a defendant.[21]  Since that time, no discovery has been conducted on Plaintiffs' claims against St. Joseph, the Court has not invested any time or resources in adjudicating these claims, and trial has not been reset.  To be sure, the subject motion to remand was filed two weeks *before* the case was even reassigned to the undersigned.  *See Knott v. Hosp. Serv. Dist. No. 1*, 373 F. App'x 438, 442-43 (5th Cir. 2010) (upholding decision not to

---

[21] R. Doc. 512.

exercise supplemental jurisdiction where new presiding judge had no "substantial familiarity with the merits of the case" and "the case – whittled to the few remaining state claims – ha[d] only recently re-started and trial [was] not imminent") (internal quotation marks omitted).  Nor is convenience a factor that calls for the exercise of supplemental jurisdiction here considering the proximity (less than a mile) of the federal and state courthouses.  And, finally, both comity and fairness weigh in favor of this state-law tort action being resolved in state court where the Plaintiffs originally chose to file it.  On virtually identical facts, circumstances, and procedural histories, two recent decisions from this court are on all fours with this analysis.  *See Broussard v. Huntington Ingalls, Inc.*, 2022 WL 671911, at *1 (E.D. La. Mar. 7, 2022) (declining to exercise supplemental jurisdiction over remaining state-law claims following dismissal of Huntington Ingalls, the alleged federal officer giving rise to federal jurisdiction); *Davos v. Huntington Ingalls, Inc.*, No. 20-CV-0847, R. Doc. 328 (E.D. La. Oct. 12, 2022) (same).

Moreover, the case before the Court is factually distinguishable from the cases upon which St. Joseph relies, *Vedros v. Northrop Gruman Shipbuilding, Inc*., 2014 WL 1652468 (E.D. La. Apr. 24, 2014), *Savoie v. Huntington Ingalls*, 2022 WL 807525 (E.D. La. Mar. 17, 2022), and *Ragusa v. Louisiana Guaranty Insurance Association*, 2023 WL 2646754 (E.D. La. Mar. 27, 2023), in which the courts denied the plaintiffs' motions to remand.  Each of those cases had been actively litigated in federal court for years, mostly before the same presiding judge, so significant judicial resources had been expended adjudicating the cases that would have been wasted had the cases been remanded.  Given the recent reshaping and reallotment of this case, the factors driving the decisions in *Vedros*, *Savoie*, and *Ragusa* to keep the cases in federal court are not present here.

Therefore, considering the § 1367 factors and the common-law factors, as applied to this case, as well as the outcomes in the cases more closely resembling this one, the Court declines to

exercise supplemental jurisdiction over the remaining state-law claims and remands this case to state court.

IV.     **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion to remand (R. Doc. 520) is GRANTED.

IT IS FURTHER ORDERED that this matter is REMANDED to CDC.

New Orleans, Louisiana, this 17th day of November, 2023.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE